UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  4/2/2008
```

RAYMOND WRIGHT,                      :

                Plaintiff,           :

        - against -                  :

                                            **MEMORANDUM DECISION**

WATERSIDE PLAZA LLC,                 :
WATERSIDE TENANTS ASSOCIATION,              07 Civ. 9303 (DC)
and DAVID ROSENBERG,                 :

                Defendants.          :

- - - - - - - - - - - - - - - - -x

**APPEARANCES:**    RAYMOND WRIGHT, Pro Se Plaintiff
                10 Waterside Plaza #6H
                New York, New York  10010

                BELKIN BURDEN WENIG & GOLDMAN, L.L.P.
                Attorneys for Defendant Waterside Plaza LLC
                    By:  Jeffrey L. Goldman, Esq.
                270 Madison Avenue
                New York, New York  10016

                MARIN GOODMAN, LLP
                Attorneys for Defendant Waterside Tenants Assoc.
                    By:  Margret M. Lotito, Esq.
                40 Wall Street, 57th Floor
                New York, New York  10005

                MARCUS ROSENBERG & DIAMOND LLP
                Attorneys for Defendant David Rosenberg
                    By:  David Rosenberg, Esq.
                488 Madison Avenue
                New York, New York  10022

**CHIN, District Judge**

        Pro se plaintiff Raymond Wright sues defendants
Waterside Plaza LLC (the "WPLLC"), Waterside Tenants Association
(the "WTA"), and David Rosenberg, Esq., for violating various
provisions of Title 18 of the United States Code, including the
Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18
U.S.C. §§ 1961-68.  He also sues the WPLLC and WTA for infringing

his First Amendment rights.  For the reasons that follow, and plaintiff having been given an opportunity to be heard, the complaint is dismissed, <u>sua sponte</u>.

**<u>BACKGROUND</u>**

**A.   <u>Facts</u>**

As alleged in the complaint, the facts are as follows:

Wright is a tenant at 10 Waterside Plaza in New York, New York.  (Compl. ¶ 2).  The WPLLC owns Waterside Plaza, which receives funding and tax abatements from federal, state, and city sources.  (<u>Id.</u> ¶ 3).

The WTA is a "resident council" for Waterside Plaza and is governed by WTA bylaws.  (<u>Id.</u> ¶¶ 2.4, 4.1; <u>see id.</u> Ex. 1).  In October 2006, residents of Building 10 elected Wright as one of their two WTA building representatives.  (<u>Id.</u> ¶ 2.3; <u>see id.</u> Ex. 15).  Wright was also elected secretary of the WTA.  (<u>Id.</u> ¶ 5.3).  His term as secretary lasted only two weeks.  (<u>Id.</u> Ex. 7).

This lawsuit arises from the contentious relationship between several WTA officers and Wright during Wright's approximately two-month tenure as a building representative.  Wright asserts that certain WTA officers misappropriated WTA funds, falsified applications for government funding, "defrauded" insurance companies, bribed WPLLC to "protect their own apartment leases," violated WTA bylaws, and breached their duty of care.  (<u>See</u>, <u>e.g.</u>, <u>id.</u> ¶¶ 4.3, 6.1, 7.6, 8, 8.1, *2, *3, *6.6).[1]  Wright

---

[1]     Beginning on page 15, the complaint restarts the numbering of the paragraphs from "1."  To avoid confusion, the

unsuccessfully sought to have the WTA release financial reports. (<u>Id.</u> ¶ 6).

Further conflict ensued when Wright was dismissed as the WTA secretary in October 2006 and the WTA attempted to retrieve its computer and records in Wright's possession.  (<u>Id.</u> ¶¶ 5.3-5.7, 6.3).  In an effort to reclaim WTA property, Rosenberg called Wright on October 17, 2006; introduced himself as counsel for WTA; and informed Wright that continued possession of the computer and records was an "illegal conversion," which was a matter for the police.  (<u>Id.</u> ¶¶ 5.3-5.5).  Wright asserts that this telephone call amounted to "coercion, extortion, and harassment."  (<u>Id.</u> ¶ 5.6).

Events came to a head at a WTA "town meeting" on December 20, 2006.  The WTA "suspended rules of order."  (<u>Id.</u> ¶ *5.10).  Council members publicly accused Wright of "'stealing' from the WTA office."  (<u>Id.</u> ¶ *5.12).  When Wright attempted to respond to the accusations, he was "shouted down by WTA officers[,] former officers," and others at the town meeting. (<u>Id.</u> ¶ *5.14).  Wright was finally "forced to vacate" the meeting and was "'escorted' out" by a security guard.  (<u>Id.</u> ¶ *5.16). After the town meeting, the WTA "'fired [Wright] from the board'" and "held meetings in secret."  (<u>Id.</u> ¶¶ *6.2, *6.3).

---

paragraph numbers with an asterisk refer to paragraphs appearing after page 15.

B.    **Procedural History**

On October 17, 2007, Wright commenced this action against the WPLLC, the WTA, and Rosenberg for committing various federal crimes and violating his First Amendment rights. Defendants requested a pre-motion conference to move to dismiss the complaint.  I held a conference in this case and a related case, Wright v. Zabarkes, 07 Civ. 7913, on November 19, 2007.  At the conference, which was held on the record, I dismissed all claims as to Rosenberg for failure to state a claim upon which relief can be granted.  (Tr. 14).[2]  See Fed. R. Civ. P. 12(b)(6). I also directed Wright to submit a letter stating his reasons why the Court should not dismiss the entire complaint.  Wright subsequently submitted a letter, which was filed on December 12, 2007, "restating [the] grounds" for the claims pursued in this case.  He submitted another letter, which was received by this Court on January 8, 2008.

## DISCUSSION

I note initially that the complaint can be dismissed for failure to abide by Federal Rule of Civil Procedure 8(a)(2)'s direction that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The complaint is 70 pages long, which does not include the 18 attached exhibits.

---

[2]    Page citations to "Tr." refer to the transcript of the November 19, 2007 conference.

-4-

But the complaint must be dismissed also pursuant to Federal Rule of Civil Procedure 12(b)(6).  I discuss first the criminal charges, and then turn to the constitutional claims.

## A.    Criminal Charges

Wright alleges that defendants violated federal laws against the falsification of records in federal investigations, 18 U.S.C. § 1519; retaliation against a witness, victim, or informant, 18 U.S.C. § 1513; tampering with a witness, victim, or informant, 18 U.S.C. § 1512; bank fraud, 18 U.S.C. § 1344; mail fraud, 18 U.S.C. § 1341; and wire fraud, 18 U.S.C. § 1343. Wright also alleges that defendants violated RICO.

All of the claims based on Title 18 of the United States Code -- with the exception of the RICO claim -- necessarily fail as a matter of law because individuals, like Wright, cannot bring suits as private attorneys general in an effort to right potential violations of criminal statutes. Chrysler Corp. v. Ash, 441 U.S. 281, 316 (1979) ("[the U.S. Supreme] Court has rarely implied a private right of action under a criminal statute"); Sanchez v. Dankert, No. 00 Civ. 1143 (GBD), 2002 WL 529503, at *10 (S.D.N.Y. Feb. 22, 2002); Schwartz v. F.S. & O. Assocs., No. 90 Civ. 1606, 1991 WL 208056, at *1-2 (S.D.N.Y. Sept. 27, 1991) ("Rarely is there a private right of action under a criminal statute.").  These criminal laws are enforceable only by the U.S. Department of Justice.  As a private citizen, Wright has no authority to initiate a federal criminal prosecution of defendants for their alleged unlawful acts.  Wright's claims

against defendants under §§ 1341, 1343, 1344, 1512, 1513, and 1519 are accordingly dismissed.

In contrast, RICO gives civil litigants a right to sue. § 1964(c).  But a plaintiff has standing to sue only if he is "injured in his business or property by reason of a violation of [RICO]."  Id.; see Bankers Trust Co. v. Rhoades, 859 F.2d 1096, 1102 (2d Cir. 1988) ("Until such injury occurs, there is no right to sue for damages under § 1964(c) . . . . ").  Thus, Wright must prove not only that the acts of defendants constitute a RICO violation, but also that he suffered injury as a result of that violation.

Wright's RICO claim is dismissed because he has not alleged facts sufficient to establish standing to bring a civil RICO suit.  The allegations in the complaint state that he was injured by the "threat of police action" when he did not return WTA's computer and records (Compl. ¶ *14.20), the humiliation of enduring "ad hominem attacks" during the December 2006 town meeting (id. ¶ *14.23), and the dismissal as a WTA officer (id. ¶ *14.24).  The injuries that Wright may have suffered from these acts, however, are not injuries to his business or property.

In the December 12, 2007 letter, Wright states additionally that defendants' RICO violations "'injured his [at-home consulting] business.'"  (Dec. 12, 2007 letter ¶ 1.23 (quoting § 1964(c))).  Wright does not explain, however, how defendants' alleged criminal acts caused the purported injuries to his business.  Merely restating the requirements of RICO in

the form of an allegation does not suffice to state a claim.  In re Am. Express Co. S'holders Litig., 39 F.3d 395, 400 n.3 (2d Cir. 1994).  Moreover, the actions complained of occurred in a decidedly non-business context:  Wright's personal residence in Waterside Plaza.  To the extent Wright was involved in the WTA and attended WTA meetings, he was participating in his personal capacity as a tenant and not in his business capacity as a consultant.  Accordingly, Wright does not have standing to sue under RICO; the complaint does not allege facts sufficient to render Wright's RICO claim "plausible."  See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**B.    Constitutional Claims**

Wright alleges that defendants violated his First Amendment rights under the U.S. Constitution.  The Supreme Court, however, has long held that "the constitutional guarantee of free speech is a guarantee only against abridgement by government." Hudgens v. NLRB, 424 U.S. 507, 513 (1976).  Where a private party's actions are challenged, "state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (internal quotations and citation omitted).

Wright's First Amendment claim fails because he has not alleged enough facts to show that the State is responsible for defendants' conduct.  The only possible link between the State

-7-

and the challenged actions is that the WPLLC, where Wright

resides, receives government subsidies.  But state or federal

funding of a private entity, "no matter how extensive, is

insufficient to transform otherwise private conduct into state

action."  Young v. Halle Hous. Assocs., L.P., 152 F. Supp. 2d

355, 362 (S.D.N.Y. 2001).  Accordingly, the First Amendment claim

is dismissed.

## CONCLUSION

For the reasons set forth above, the complaint is

dismissed, with prejudice and without costs.  The Clerk of Court

is directed to close this case.

SO ORDERED.

Dated:    New York, New York
          April 2, 2008

DENNY CHIN
United States District Judge

-8-